IN IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Isaiah Brown, | ) | C/A No.: 1:19-2481-DCN-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| Cpt. Joey Tutt, | ) | |
| Defendant. | ) | |

Isaiah Brown ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, brought this civil rights action alleging a violation of his constitutional rights. This matter is before the court on Plaintiff's motion for appointment of counsel. [ECF No. 11].

There is no constitutional right to appointment of counsel in civil cases. While the court is granted the power to exercise its discretion to appoint counsel for an indigent party in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Plaintiff requests appointed counsel because he claims he has limited access to legal and other research materials. [ECF No. 11 at 1].

After a review of the file, this court has determined that there are no exceptional or unusual circumstances presented that would justify the

appointment of counsel, nor would Plaintiff be denied due process if an attorney were not appointed. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984). In most civil rights cases, the issues are not complex, and whenever such a case brought by an uncounseled litigant goes to trial, the court outlines proper procedure so the uncounseled litigant will not be deprived of a fair opportunity to present his case.

The undersigned acknowledges nonbinding precedent from United States Courts of Appeals for the Third and Seventh Circuits requiring courts considering motions pursuant to § 1915(e)(1) to evaluate a pro se plaintiff's competence to litigate the case. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007); *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002). Although the Fourth Circuit has articulated no similar requirement, the undersigned finds Plaintiff's pleadings demonstrate he is sufficiently competent to pursue his own claim. Accordingly, Plaintiff's request for a discretionary appointment of counsel under 28 U.S.C. §1915(e)(1) is denied.

IT IS SO ORDERED.

*Shiva V. Hodges*

October 1, 2019  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge